George Peloso *vs.* Henry N. Francis, *et al.*

MARCH 31, 1911.

Present:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Certiorari.   Intoxicating Liquors.   Parties.   Liquor Licenses.   Technical Objections.*

On certiorari against license commissioners by a holder of a liquor license, unless the license held by petitioner is affected by the issuance of a subsequent license granted  to another, petitioner has no cause of complaint. As a citizen or holder of a liquor license, he has no concern with other licenses or applications and cannot raise technical objections to the same.   It is the province of the attorney general to represent the public.

(2)   *Liquor Licenses.   Several Licenses for Same Premises.*

While petitioner was the holder of a valid and subsisting license for the sale of intoxicating liquors, the license commissioners issued another liquor license for the same premises to another person.

*Held*, that the rights and privileges of the petitioner were not affected by such action, since neither license operated to put licensee in possession of the premises, nor were the laws concerning rights in real estate or the relation of landlord and tenant affected by the issuance of such licenses.

Certiorari.   Heard on petition for writ and denied.

Per Curiam.   This is a petition for a writ of certiorari against the mayor and the city council of the city of Cranston, as a board of license commissioners, and others, setting forth *inter alia* that the petitioner "is the present lawful owner and holder of a first class license to sell pure, spirituous, intoxicating and malt liquors at 133 Chestnut Hill Avenue, in said Cranston, which license was granted to him upon the payment of the lawful fee therefor, on the twelfth day of December, A. D. 1910, for a period ending on the first day of December, A. D. 1911." That on the seventeenth day of March, 1911, said board of license commissioners issued to the Empire Bottling Company, a corporation, a similar first class license to sell intoxicating and malt liquors at said premises numbered 133 Chestnut Hill avenue in said Cranston.   That on said seventeenth day of March before the granting of said license, said petitioner filed his remonstrance to the granting of said last named license with

said board, setting forth his reasons for objecting to the granting of the same, principally because he was and is the owner of the license hereinbefore mentioned as first granted to sell liquor upon said premises, and also because the application for the license granted March 17, 1911, was insufficient, that the advertisement was defective, and that the corporation had not been organized either at the time of the making of said application for a license or at the time of the granting thereof. That the board of license commissioners disregarded his objections and granted the license, whereupon he filed this petition.

The petition and the hearing had upon the same disclose no ground upon which the petitioner is entitled to relief, unless the license already granted to him is affected by the issuance of the license subsequently granted to the Empire Bottling Company, he has no reason to complain. As a citizen of Cranston or holder of a liquor license therein, he has no concern with other licenses or applications made for the same. It is not his province to raise technical objections to the same. He does not represent the public; that is the province of the attorney general. We therefore disregard the technical objections made to the issuance of the license complained of.

The petitioner claims and the respondents admit and we find, that the license issued to him is valid and subsisting, in full force and effect, and unless forfeited for breach of statutes, may so remain, at the option of the petitioner, until it expires by its own limitation. This being so, nothing that the board of license commissioners of the city of Cranston may do can affect its legality or vitality. The issuance of another first class liquor license for the same premises to another person, natural or artificial, does not diminish the rights or privileges of the first licensee under his license. Neither license operates so as to put either licensee in possession of the premises therein referred to, neither can it so operate as to dispossess either person of the same. The laws concerning the conveyance of real estate and rights therein are not affected by the issuance of licenses, nor are the relations of landlord and tenant changed, excepting by the special provisions of the statutes relating to

the sale and keeping of intoxicating liquors, nuisances and kindred subjects, by the fact that a tenant is granted a license. We do not see why in the case of two parties contending for the possession of certain premises, suitable to be licensed, who were willing to risk their money for such a purpose, a board of license commissioners might not grant a license to each, provided that the number of licenses granted did not exceed that allowed by law, leaving the contestants to obtain possession of the disputed premises according to law. In such a case the first licensee would have no ground to complain that the second license was about to be granted to his competitor. Nor can we see how the petitioner has any right to complain. If he is in possession of the premises, his license permits him to sell liquors there under its provisions. If he is not in possession of the premises, he can not exercise the privileges of his license therein; but, as it is possible that he may regain possession of the premises before the expiration of his license, he may be able to resume business under the same. In any event this proceeding is not brought and is not adapted to be used for the purpose of determining the rights of parties to possession of disputed premises. We cannot even consider such a proposition.

As the complainant has not shown that he has been injuriously affected by the action of the board of license commissioners of the city of Cranston in granting the license in question to the Empire Bottling Company, the complainant's petition must be denied and dismissed.

*Richard W. Jennings, Benjamin W. Grim,* for petitioner.
*Henry A. Palmer, James A. Williams,* for respondents.